[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Ganga Duleep, has moved (#121) to reargue the denial of her motion to set aside a judgment that entered against she was defaulted for failure to appear at trial. The plaintiff, Ernest Park alleged in his complaint that the defendant owed him money for various supplies which he purchased on behalf of the defendant in connection with the operation of a nightclub located in Norwalk in which he was employed.
The case was scheduled for a hearing before a fact finder for July 17, 1998. General Statutes § 52-549n and Practice Book § 23-53, formerly § 546D. On July 14, 1998, three days before the trial, the defendant requested a continuance, and her request was denied. On July 17, 1998, the date of trial, neither the defendant nor her counsel appeared in court. A default entered for failure to appear for trial, as authorized by Practice Book § 17-19, formerly § 351. Judgment was then entered in accordance with Practice Book § 17-33(a), formerly § 364(a), in favor of the plaintiff for $5,795.55. plus costs.[1]
CT Page 3148
On August 3, 1998, the defendant moved (#116), pursuant to General Statutes § 52-212 and Practice Book § 17-43, formerly § 377, to set aside this judgment. The plaintiff pointed out that the defendant's motion was not verified by oath and that defendant's counsel had advised plaintiff's counsel that "the defendant had, over [counsel's] recommendations, left for India and would not be at the trial." The file does not indicate what, if any, ruling was made on that motion.
On November 12, 1998, the defendant again moved (#118) to set aside the judgment of July 17, 1998. This motion was accompanied by an affidavit by defendant's counsel that a good defense to the plaintiff's action existed, viz., that the defendant was an officer of a corporation and was not individually or personally liable to the plaintiff. The defendant's attorney also stated that the reason that her request to the court for a continuance of the July 17, 1998 trial date did not mention that her client allegedly was not available for trial was because she "was unclear as to whether the [defendant] would in fact be unavailable due to a communication gap. "
In opposing this second motion to set aside the judgment, the plaintiff argues that the defendant did not offer any reasonable excuse for the fact that the defendant did not appear for trial, particularly after her request for a continuance had been previously denied.
This motion to set aside was denied on November 23, 1998, and the defendant has now moved to "re-argue" the denial of her motion to vacate the judgment. Practice Book § 11-12, formerly § 204B.
The motion to reargue is denied because the defendant has not provided any "reasonable cause" for vacating the judgment, or indicated in what manner she was prevented by "mistake, accident or other reasonable cause" from presenting a defense to the plaintiff's action. General Statutes § 52-212 (a) and Practice Book § 17-43(a). According to the file, the defendant decided to go overseas on the date of trial, July 17, 1997, and thus risked exactly what happened, a default for failure to appear at trial and the entry of a judgment against her. Giving the defendant another opportunity after two judgments have already entered against her would be prejudicial to the plaintiff. CT Page 3149
So Ordered.
Dated at Stamford, Connecticut, this 12th day of March, 1999.
William B. Lewis, Judge